UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**ALLEN WASHINGTON JR**              **CASE NO.  6:20-CV-00358**

**VERSUS**                            **JUDGE JUNEAU**

**USA**                               **MAGISTRATE JUDGE PATRICK J. HANNA**

## O R D E R

Now before this Court is Plaintiff's motion to amend. (Rec. Doc. 13). The motion is opposed by the government. (Rec. Doc. 15). After review of the motion, proposed amendment and the government's brief in opposition, this Court finds that the motion should be GRANTED for the reasons explained below.

Plaintiff's motion seeks leave of court to amend his complaint, filed on March 19, 2020. (*See*, Rec. Doc. 1). The government opposes Plaintiff's proposed amendment on two bases: (1) that Plaintiff's proposed amendment seeks to add new claims to his Complaint that have not first been subject to administrative exhaustion; and (2) that such new claims would be added well after the two-year limitations period imposed by 28 U.S.C. § 2401(b).

Plaintiff's motion seeks to add the following additional averments:

(1) to allege damages in the form of an anterior cervical discectomy and fusion procedure at C6-7 that Plaintiff underwent in June, 2020 in Paragraph 13;

(2) to allege that Defendant's conduct failed to adhere to "obligations, policies and practices of Iberia Comprehensive Community Health Center Dental Clinic/Surrey Street Community Health Center University Protocol[;]"

(3) to allege that Defendant's conduct was negligent in failing to refer Plaintiff to an oral surgeon for the removal of his wisdom teeth in light of Plaintiff's many medical conditions for high blood pressure, seizures and additional medical complications; and,

(4) to allege that Defendant's conduct was negligent in failing to refer Plaintiff to an oral surgeon after what Plaintiff terms the "failed attempt to perform extractions of his upper and lower right wisdom teeth at Surrey Street Community Health Center."

The government characterizes Plaintiff's proposed amendments as "additional breaches" amounting to "new claims" against Defendant in this case. (Rec. Doc. 15 at pp. 1 and 2). This Court disagrees.

Plaintiff's original Complaint alleges negligence amounting to medical malpractice by Harold Borel, D.D.S, an employee of a Federally Qualified Healthcare Center known as Iberia Comprehensive Community Health Center and/or Surrey Street Community Health Center. (Rec. Doc. 1 at ¶¶ 5-6). Specifically, Plaintiff alleges that he underwent oral surgery for the removal of his wisdom teeth. (*Id.* at ¶ 5). Following surgery, Plaintiff claims he was left with areas of exposed jawbone, which became necrotic and was later diagnosed with both sepsis and meningitis. (Id. at ¶¶ 12, 16). Plaintiff underwent a variety of medical

treatments, including surgical procedures which he alleges were necessitated by Defendant's negligence in the performance of Plaintiff's oral surgery. (Rec. Doc. 1 at ¶ 20).

Comparing the substance of Plaintiff's requested amendments with the original Complaint, this Court does not find that the proposed amendments allege new causes of action. Instead, these allegations appear feature additional evidentiary support for Plaintiff's claim. We do not view these averments as necessary to state Plaintiff's FTCA claim but, rather, the sort of thing that Plaintiff's expert witness is likely to be asked to discuss at trial, regardless of their inclusion in the Complaint. In short, these are not new claims, but additional pieces of evidence regarding Plaintiff's original claim. The advent of additional evidence regarding claims already submitted as administrative claims is clearly contemplated by the statute at issue. 28 U.S.C. 2675(b); *Dickerson ex rel. Dickerson v. U.S.*, 280 F.3d 470 (5th Cir. 2002).

Given this Court's view that Plaintiff's proposed amendments, both with respect to the breach of standards of care and as to the new surgical damage item, do not represent new claims, but rather elements of the Plaintiff's original claim, we also find that Plaintiff is not required to have filed this amendment within the two-year limitations period set forth in 28 U.S.C. 2401(b). The purpose of § 2401(b) is to encourage the timely presentation of claims against the government. Prohibiting

amendment of complaints in the fashion requested here does not further that purpose and this Court finds no merit in any argument that the government is prejudiced by the proposed amendments sought in this motion. Rather, this Court finds they provide the government with a view of Plaintiff's theory of negligence is in this case.

For these reasons, Plaintiff's motion to amend is GRANTED in accordance with Fed. R. Civ. P. 15(a)(2).

SIGNED this 26th day of March, 2021 at Lafayette, Louisiana.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE

4